IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTTY J. BRIDGES | § | |
| VS. | § | CIVIL ACTION NO. 9:24cv121 |
| WARDEN OF STILES UNIT | § | |

MEMORANDUM ORDER REGARDING TRANSFER

Plaintiff Scotty J. Bridges, an inmate confined at the Lewis Unit located in Woodville, Texas, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the Warden at the Stiles Unit.

The above-styled action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to United States Magistrate Judges.

Analysis

Plaintiff has sued the warden of the Stiles Unit complaining of the conditions of his confinement at the Stiles Unit.

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. The claims which form the basis of plaintiff's complaint occurred at the Stiles Unit which is located in Jefferson County, Texas. Pursuant to 28 U.S.C. § 124, Jefferson County is located in the Eastern District of Texas. As a result, venue is proper in the Eastern District of Texas.

While Jefferson County is in the Eastern District of Texas, it is in the Beaumont Division of this district, rather than the Lufkin Division.  When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).  Accordingly, this case should be transferred to the Beaumont Division of this court.  A Transfer Order shall be entered in accordance with this Memorandum Opinion.

SIGNED this 19th day of July, 2024.

_____
Zack Hawthorn
United States Magistrate Judge